UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DIMITRY AVILA ESPERON,

      Petitioner,

    v.                    Case No.:  2:26-cv-01957-SPC-NPM

WARDEN, FLORIDA SOFT SIDE
FACILITY *et al.*,

      Respondents,

_____/

## OPINION AND ORDER

Before the Court are petitioner Dimitry Avila Esperon's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 7).

Avila Esperon is a native of Cuba who was paroled into the United States on September 7, 1980. Following multiple convictions, an immigration judge ordered him excluded on July 8, 1993. Immigration officials released him on an order of supervision on January 14, 1994, because there was no significant likelihood of removal in the reasonably foreseeable future. On December 10, 2025, Avila Esperon reported to Immigration and Customs Enforcement ("ICE") for a check-in appointment. ICE revoked the order of supervision and arrested him. ICE initially detained him at Alligator Alcatraz, but he was recently moved to Torrence/Estancia, New Mexico. Avila Esperon argues his detention is unlawful under *Zadvydas v. Davis*, 533 U.S. 678 (2001), and the government agrees.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. at 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The government concedes there is no significant likelihood Avila Esperon will be removed in the reasonably foreseeable future and states it has no grounds to oppose his petition. The Court thus finds no significant likelihood Avila Esperon will be removed in the reasonably foreseeable future. He is entitled to release from immigration detention under *Zadvydas*. If removal becomes likely in the reasonably foreseeable future, ICE can detain Avila Esperon to "assur[e] [his] presence at the moment of removal." *Zadvydas*, 533 U.S. at 680.

Accordingly, it is hereby

**ORDERED:**

Dimitry Avila Esperon's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The respondents shall release Avila Esperon within 24 hours of this Order and provide him telephone access so he can arrange transportation from the facility.

2. Within 48 hours of this Order, the respondents shall certify that Avila Esperon has been released.

3. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on June 25, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record